UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

United States of America,                    )    Case No. 3:25-cr-00285-EMC
                                             )
        *Plaintiff,*                       )    STIPULATED ORDER EXCLUDING TIME
        v.                               )    UNDER THE SPEEDY TRIAL ACT
                                             )
ELAN DANIEL CRUZ-BARAHONA                     )
AKA WALTER ARTEAGA-ACOSTA                     )
        *Defendant(s).*                   )

For the reasons stated by the parties on the record on ___9/11/2025___, the court excludes time under the Speedy
Trial Act from ___9/11/2025___ to ___9/18/2025___ and finds that the ends of justice served by the
continuance outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. §
3161(h)(7)(A). The court makes this finding and bases this continuance on the following factor(s):

   ____    Failure to grant a continuance would be likely to result in a miscarriage of justice.
          *See* 18 U.S.C. § 3161(h)(7)(B)(i).

   ____    The case is so unusual or so complex, due to *[check applicable reasons]* ____ the number of
          defendants, ____ the nature of the prosecution, or ____ the existence of novel questions of fact
          or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial
          itself within the time limits established by this section. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

   ____    Failure to grant a continuance would deny the defendant reasonable time to obtain counsel,
          taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

   ____    Failure to grant a continuance would unreasonably deny the defendant continuity of counsel, given
          counsel's other scheduled case commitments, taking into account the exercise of due diligence.
          *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

   __X__    Failure to grant a continuance would unreasonably deny the defendant the reasonable time
          necessary for effective preparation, taking into account the exercise of due diligence.
          *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

   ____    With the consent of the defendant, and taking into account the public interest in the prompt
          disposition of criminal cases, the court sets the preliminary hearing to the date set forth in the first
          paragraph and — based on the parties' showing of good cause — finds good cause for extending
          the time limits for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 and for
          extending the 30-day time period for an indictment under the Speedy Trial Act (based on the
          exclusions set forth above). *See* Fed. R. Crim. P. 5.1; 18 U.S.C. § 3161(b).

**IT IS SO ORDERED.**

DATED: ___9/11/25___

                                        Hon. Alex G. Tse
                                        United States Magistrate Judge

STIPULATED: _____     _____
              Attorney for Defendant          Assistant United States Attorney